| | |
|---|---|
| **WO** | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Said Ali Hassan, | No. CV 09-2219-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On October 22, 2009, Plaintiff Said Ali Hassan, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a November 10, 2009 Order, the Court denied the Application to Proceed because it was deficient and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On November 23, 2009, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a December 10, 2009 Order, the Court granted the second Application to Proceed and dismissed the Complaint because Plaintiff had failed to allege a proper jurisdictional basis for his lawsuit. The Court gave Plaintiff 30 days to file an amended complaint that cured the jurisdictional defect identified in the Order.

On January 11, 2010, Plaintiff filed a First Amended Complaint. In a January 27, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

**TERMPSREF**

On February 26, 2010, Plaintiff filed a Second Amended Complaint (Doc. #11).

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Second Amended Complaint

In his four-count Second Amended Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff Arpaio, Intake Deputies at the Fourth Avenue Jail, a Commander/Captain at the Lower Buckeye Jail, and Transferring Deputies at the Lower Buckeye Jail.

In Count One, Plaintiff asserts that his Fourth and Ninth Amendment rights were violated because his cell phone was lost either by unidentified intake deputies at the Fourth Avenue Jail or by unidentified members of the Maryvale Police Department when he was processed at Intake. In Count Two, he alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment because he was sent to the Tent City Jail to serve a portion of his sentence for his first driving-under-the-influence conviction. Plaintiff contends that he suffered humiliation and torture at the Tent City Jail because he did not have adequate clothes for the cold weather, the tents leaked, he was awakened early and had to stand out in the rain and fog, and he had to remove his clothes, bend over, and spread his buttocks two to three times per day.

In Count Three, Plaintiff contends that his First Amendment right to the free exercise of his religion was violated because Defendant Arpaio or Defendant Lower Buckeye Jail Commander, in response to demonstrations, forbade the Muslim chaplain from coming to the jail. Plaintiff asserts that he was unable to have Islamic services, but Christian services were conducted. In Count Four, Plaintiff alleges a violation of his First Amendment rights because a Defendant Transferring Deputy at the Lower Buckeye Jail desecrated Plaintiff's Qur'an by tossing it into a trash can when Plaintiff was being transferred to prison.

In his Request for Relief, Plaintiff seeks injunctive relief and monetary damages.

### III. Failure to State a Claim

#### A. Count One

First, the Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). Instead, a civil rights claim must be based on a specific constitutional guarantee. Id.

Second, the Supreme Court has found that the Fourth Amendment does not protect an inmate from the seizure and destruction of his property. Hudson v. Palmer, 468 U.S. 517,

528 n.8 (1984); see also Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) (no Fourth Amendment claim arose from seizure of inmate's assets).

Finally, the Fourteenth Amendment "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original). Moreover, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy. See Howland v. State, 818 P.2d 1169, 1172-73 (Ariz. App. 1991) (the prisoner failed to state a due process claim where Arizona law provided an available state tort remedy to recover the value of his property).

Thus, the Court will dismiss without prejudice Count One.

**B.     Count Two**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). In Count Two, Plaintiff has failed to allege specific conduct by a specific defendant.

Moreover, a pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim of deliberate indifference, plaintiffs must meet a two-part test.

1 First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the
2 official's act or omission must result in the denial of "the minimal civilized measure of life's
3 necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must
4 have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to
5 inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme
6 Court has imposed a subjective test: "the official must both be aware of facts from which the
7 inference could be drawn that a substantial risk of serious harm exists, and he must also draw
8 the inference." Id. at 837 (emphasis added). Plaintiff does not allege that any Defendant
9 acted with deliberate indifference.

10 Thus, the Court will dismiss without prejudice Court Two.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Count Three against Defendants Arpaio and unnamed Commander/Captain at the Lower Buckeye Jail and in Count Four against Defendant unnamed Transferring Deputy at the Lower Buckeye Jail.

The Court will require Defendant Arpaio to answer Count Three. At this time, the Court will not direct that service be made on Defendants unnamed Commander/Captain at the Lower Buckeye Jail and unnamed Transferring Deputy at the Lower Buckeye Jail. The Court is unable to identify these individuals, and, as a practical matter, it is virtually impossible for the United States Marshal to serve a summons and complaint upon unknown persons. However, the Court will not dismiss the claims against these Defendants at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds).

Plaintiff may use the discovery process to obtain the names of the unnamed Commander/Captain at the Lower Buckeye Jail and the unnamed Transferring Deputy at the Lower Buckeye Jail. If Plaintiff later discovers the identity of these Defendants, Plaintiff

should seek to amend his Second Amended Complaint to name them, in compliance with Rule 15 of the Federal Rules of Civil Procedure.

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts One and Two and all Defendants **other than** Defendants Arpaio, the unnamed Commander/Captain at the Lower Buckeye Jail, and the unnamed Transferring Deputy at the Lower Buckeye Jail are **dismissed** without prejudice.

(2) Defendant Arpaio must answer Count Three.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #11), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant Arpaio within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and

must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer Count Three of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 9th day of March , 2010 .

_____
Robert C. Broomfield
Senior United States District Judge