**WO**                                                                                                          JDN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Said Ali Hassan, | No. CV 09-2219-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Said Ali Hassan filed this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joe Arpaio (Doc. 11). Before the Court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies (Doc. 18), which is fully briefed (Doc. 20, 26). Also before the Court are Plaintiff's Motion for Discovery (Doc. 21), Motion for Reconsideration of the Fee Payment Order (Doc. 23), and Motion to Defer or Waive Court Fees (Doc. 24).

The Court will grant Defendant's motion, deny Plaintiff's motions, and dismiss the action.

**I.    Background**

Plaintiff's claims arose during his confinement at various Maricopa County Jails (Doc. 11 at 1). In his Second Amended Complaint, Plaintiff alleged that Defendant violated his First Amendment right to free exercise of religion when, in response to demonstrations, Defendant forbade the Muslim chaplain from visiting the jail (id. at 5). Plaintiff claimed that as a result, he was unable to have Islamic services, but Christian services were conducted

(id.).[1] Plaintiff sued for injunctive relief and monetary damages (id. at 7).

The Court screened the Second Amended Complaint and ordered service on Defendant (Doc. 12). In lieu of an Answer, Defendant filed a Motion to Dismiss (Doc. 18).

## II.     Parties' Contentions

### A.     Defendant's Motion

Defendant contends that Plaintiff failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (id.). In support, he proffers the declaration of Selethia Down, a Sergeant assigned to the Inmate Hearing Unit (id., Ex. 1, Down Decl. ¶ 1); a copy of Policy DJ-3, which governs the jail's grievance system (id., Ex. A); and excerpts from the Rules and Regulations, which set out the grievance procedures (id., Ex. B). Down describes the four steps of the grievance process: (1) the initial grievance to the line officer and the response; (2) review of the grievance by the shift supervisor and the supervisor's response; (3) review of the grievance and decision by the Bureau Hearing Officer; (4) Institutional appeal to the Jail Commander; and (5) the External appeal (id. ¶ 4; Ex. B).

Down attests that after a search of the inmate grievance records that are maintained by the Sheriff's Office, just two grievances from Plaintiff were found (id. ¶¶ 6-7; Ex. D). She states that one of these grievances concerned a missing cell phone and the other related to a request for Plaintiff's credit card from his inmate property (id. ¶ 7). Down avers that there is no record that Plaintiff submitted any grievances concerning his claims in this lawsuit (id. ¶ 9).

Defendant concludes that because Plaintiff did not grieve his First Amendment claims, his Second Amended Complaint should be dismissed (Doc. 18 at 5-6).

---

[1] This claim was set forth in Count III (Doc. 11 at 5). The Court dismissed Counts I and II for failure to state a claim (Doc. 12). Plaintiff also set forth a First Amendment claim in Count IV against an unnamed Jail Commander and Deputy at the Lower Buckeye Jail (Doc. 11 at 6). The Court did not dismiss Count IV; however, service was not ordered on the unnamed Defendants (Doc. 12). The Court directed that if Plaintiff discovered the identity of these unnamed Defendants, he could seek leave to amend his pleading (id. at 5-6).

- 2 -

### B.     Plaintiff's Response[2]

Plaintiff opposes Defendant's motion and argues that he filed numerous inmate request forms requesting to meet with the Muslim Chaplain (Doc. 20). Plaintiff avers that he did not receive any response to his inmate request forms for two months (id. at 1). He further avers that he filed six or seven inmate request forms to the Lower Buckeye Jail Chaplain; however, again, he did not receive any response. Plaintiff states that he was not given copies of his inmate request forms nor were they ever returned to him after they went unanswered (id.). Plaintiff explains that inmates must first submit inmate request forms and once they receive an answer, then they can proceed with the grievance procedures (id.). He asserts that he was finally able to call the Muslim Imam who told Plaintiff that he was barred by Defendant from visiting the jail; after this telephone call, Plaintiff requested a grievance form from Inmate Legal Services but he received no answer and no form (id. at 2).

### C.     Defendant's Reply

In reply, Defendant contends that Plaintiff presents no basis for denying the Motion to Dismiss (Doc. 26). Defendant maintains that Plaintiff does not explain why he did not file a grievance when his requests to see a chaplain were unanswered or why he did not simply ask a detention officer for a grievance form (id. at 2-3). Defendant proffers a supplemental declaration from Down, who avers that inmates may request a grievance form at any time from detention officers and it is part of their routine responsibilities to provide forms to inmates (id., Ex. 1, Down Suppl. Decl. ¶ 4). She further explains that Supervisors collect grievance forms from inmates during their "grievance" walks, which are conducted at least three times a day (id. ¶¶ 6-7). Defendant posits that because Plaintiff used the grievance system for other complaints, he clearly knew how to procure a grievance form and file a grievance (id. at 4). Defendant concludes that Plaintiff provides no evidence or argument to controvert the Motion to Dismiss (id.).

---

[2] The Court issued an Order with the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003), which informed Plaintiff of the evidence necessary to successfully rebut Defendant's contentions (Doc. 19).

1  **III.    Exhaustion**

2      **A.    Legal Standard**

3       Under the PLRA, a prisoner must exhaust available administrative remedies before
4 bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin
5 v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about
6 prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered
7 through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a
8 prisoner must complete the administrative review process in accordance with the applicable
9 rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

10       Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus,
11 the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315
12 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b)
13 motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-
14 20. Further, a court has broad discretion as to the method to be used in resolving the factual
15 dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th
16 Cir. 1988) (quotation omitted).

17     **B.    Analysis**

18       As stated, Defendant must demonstrate that there were remedies available to Plaintiff.
19 See Wyatt, 315 F.3d at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (2005).
20 Defendant submits evidence that a grievance system was available for Plaintiff's claims
21 (Doc. 18, Ex. 1, Down Decl. ¶ 9). Plaintiff does not dispute Defendant's evidence that he
22 grieved at least two other issues during his confinement and that he appealed those issues to
23 the Bureau Hearing Officer (id., Ex. 1, Ex. D). This evidence demonstrates that Plaintiff was
24 familiar with the grievance system and was able to obtain forms and submit them to officials.

25       The Court notes that Plaintiff presents conflicting statements regarding whether he
26 exhausted his First Amendment claims. In his Second Amended Complaint, he indicated that
27 administrative remedies were available and he appealed his request for administrative relief
28 to the highest level (Doc. 11 at 5). But in his response memorandum, Plaintiff asserts that

1 he was not able to file grievances because his inmate request forms were unanswered or,
2 alternatively, because Inmate Legal Services did not send him a grievance form (Doc. 20).

3 With respect to Plaintiff's claim that he had to wait for an answer to an inmate request
4 form before proceeding with the grievance procedures, there is no such requirement in Policy
5 DJ-3 (see Doc. 18, Ex. 1, Ex. A). Plaintiff does not identify who told him that he needed to
6 complete an inmate request form prior to submitting a grievance. Nor does Plaintiff allege
7 that any detention officers denied him forms or otherwise prevented him from filing a
8 grievance.

9 In short, Plaintiff's general and contradictory allegations are insufficient to overcome
10 Defendant's evidence that a grievance system was available and Plaintiff failed to use it to
11 grieve his First Amendment claims. Defendant has therefore met his burden to establish
12 nonexhaustion; his motion will be granted, and Plaintiff's First Amendment claims in Count
13 III will be dismissed.

14 **IV.   Plaintiff's Motions**

15 Plaintiff seeks reconsideration of the Fee Payment Order, which directed that the
16 $350.00 civil filing fee be collected from Plaintiff's inmate trust account in monthly
17 payments based on a percentage of Plaintiff's monthly income (Doc. 23, referring to Doc.
18 8). Plaintiff also submits an Application for Deferral or Waiver of Court Fees (Doc. 24).

19 The Court previously granted Plaintiff's Motion/Application to Proceed *In Forma*
20 *Pauperis*, in which he consented to the collection of the $350.00 filing fee through monthly
21 withdrawals from his inmate trust account (Doc. 6). See 28 U.S.C. § 1915(b)(1) & (2);
22 Taylor v. Delatoore, 281 F.3d 844, 847-851 (9th Cir. 2002) (upholding constitutionality of
23 the PLRA filing fee provisions). The Court may not waive this statutory requirement.
24 Accordingly, Plaintiff's Motion for Reconsideration and his Application for Waiver will be
25 denied.

26 In light of the dismissal of Plaintiff's Second Amended Complaint for nonexhaustion,
27 Plaintiff's pending discovery motion will be denied as moot.

28

- 5 -

1  **IT IS ORDERED:**

2  (1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 18), Plaintiff's Motion for Discovery (Doc. 21), Plaintiff's Motion for Reconsideration (Doc. 23), and Plaintiff's Motion/Application for Waiver (Doc. 24).

(2) Defendant's Motion to Dismiss (Doc. 18) is **granted**.

(3) Plaintiff's Motion for Discovery (Doc. 21), Motion for Reconsideration (Doc. 23), and Motion/Application for Waiver (Doc. 24) are all **denied**.

(4) This action is dismissed without prejudice for failure to exhaust.

(5) The Clerk of Court must enter judgment accordingly.

DATED this 14th day of September, 2010.

_____
Robert C. Broomfield
Senior United States District Judge