**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Said Ali Hassan, | ) | No. CV 09-2219-PHX-RCB |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

Plaintiff Said Ali Hassan filed this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joe Arpaio (Doc. 11). Plaintiff alleged that Defendant denied access to Islamic religious services in violation of the First Amendment (id. at 5). On September 16, 2010, the Court granted Defendant's Motion to Dismiss for failure to exhaust (Doc. 27), and judgment was entered (Doc. 28).

On December 16, 2011, Plaintiff filed a Notice of Appeal (Doc. 29). On March 9, 2012, the Ninth Circuit Court of Appeals issued its Mandate dismissing the appeal on the ground that it lacked jurisdiction because Plaintiff's Notice of Appeal was filed more than 30 days after judgment was entered by the district court (Doc. 32).

Plaintiff has now filed a Motion for Rehearing, which seeks a Certificate of Appealability under Federal Rule of Appellate Procedure 22(b) (Doc. 33), and a Motion for Leave to File a Third Amended Complaint (Doc. 34).

In his Motion for Rehearing, Plaintiff states that he did not timely file a notice of appeal or a motion for rehearing because on August 10, 2010, while he was confined at the

Arizona Department of Corrections (ADC), he was placed into isolation for almost 80 days and denied access to a paralegal and unable to mail legal documents (Doc. 33 at 1-2). Plaintiff asserts that about four months later, he was transferred to another ADC unit and apparently was placed into isolation again (id.).

In his Motion for Leave to File a Third Amended Complaint, Plaintiff seeks to amend his pleading to add ADC and ADC officials as Defendants for their alleged retaliation and denial of access to the court (Doc. 34).

## I. Motion for Rehearing

Federal Rule of Appellate Procedure 22, on which Plaintiff relies, applies in habeas corpus proceedings and proceedings under 28 U.S.C. § 2255. See Fed. R. App. P. 22(b). Thus, Rule 22(b) does not apply to Plaintiff's civil rights action.

Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal must be filed within 30 days from the date judgment is entered. The Court may grant an extension of time to file an appeal if a motion seeking an extension is filed no later than 30 days after the 30-day period in Rule 4(a)(1) expires. Fed. R. App. P. 4(a)(5). Here, Plaintiff did not file a timely notice of appeal or a timely motion for an extension of time to appeal.

With an extension of time under Rule 4(a)(5) unavailable, the only possible relief left is governed by Rule 4(a)(6), which permits the Court to reopen the time to file an appeal if it finds that (1) Plaintiff did not receive notice of the judgment under Federal Rule of Civil Procedure 77(d) within 21 days after entry; (2) Plaintiff's motion is within 180 days after entry of judgment or within 14 days after notice of judgment under Rule 77(d), whichever is earlier; and (3) no party would be prejudiced. All three of these conditions must be satisfied. Fed. R. App. P. 4(a)(6). And the 180-day limit is the outer limit on the time for relief. In re Stein, 197 F.3d 421, 425 (9th Cir. 1999).

Although Plaintiff avers that he was housed in isolation at the time that judgment was entered, he does not allege that he received no notice of the September 16, 2010 judgment (Doc. 33). The docket reflects that Plaintiff was mailed copies of the dismissal order and the Clerk's Judgment Notice, and these documents were not returned in the mail (Docs. 27-28,

1  receipts).  In addition, with his December 16, 2011 Notice of Appeal, Plaintiff attached both
2  a copy of the September 16, 2010 Clerk's Judgment and a copy of the electronic filing notice
3  receipt that documents the granting of Defendant's Motion to Dismiss and the Order to enter
4  judgment (Doc. 29, Attachs. at 8, 17).  Because there is no evidence or claim that Plaintiff
5  did not receive notice of the entry of judgment, a required element under Rule 4(a)(6) is not
6  met, and the Court cannot extend the time in which to file a notice of appeal.

7  Even if Plaintiff did not receive notice of the judgment in accordance with Rule 77(d),
8  the 180-day time limit in which to file his motion expired on March 11, 2011.  Plaintiff did
9  not file his notice of appeal, which could be construed as a motion for extension of time, until
10  December 16, 2011—456 days after entry of judgment (Doc. 29).  As such, the Court does
11  not have authority to reopen or extend the time for filing a notice of appeal, and Plaintiff's
12  Motion for Rehearing will be denied.  See Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir.
13  1994).

**II.     Motion for Leave to File Third Amended Complaint**

Because the action has been dismissed and the time for filing an appeal cannot be extended, Plaintiff's Motion for Leave to amend his pleading will be denied as moot.

**IT IS ORDERED that** Plaintiff's Motion for Rehearing (Doc. 33) and Motion for Leave to File a Third Amended Complaint (Doc. 34) are **denied**.

DATED this 12th day of April, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -